UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

BILLY WERSHILA,

        Plaintiff,

v.                                                                                  Case No. 22-2094

TRAVIS EASTON, et al.,

        Defendants.

## REPORT & RECOMMENDATION

This case is before the Court on the Motion for Sanctions (#27) and Motion to Supplment Prior Motion for Sanctions (#30) filed by Defendants Travis Easton and Scott Robinson ("Defendants"). Plaintiff Billy Wershila ("Plaintiff") filed a Response (#29) to Defendants' Motion for Sanctions and a Response (#31) to Defendants' Motion to Supplement. For the reasons discussed below, the Court recommends that Defendants' Motion for Sanctions (#27) and Motion to Supplement (#30) be granted and that this case be dismissed.

Plaintiff filed this case on May 3, 2022. Since then, the Court has granted two motions to compel by Defendants (*See* #21, 24). Plaintiff filed no response to either motion. In both orders granting the motions to compel, the Court stated that "**Plaintiff is warned that if he fails to comply with any portions of the Court's order, his case may be subject to sanctions, under Rules 37(b), (d), and/or 41(b), up to and including dismissal.**" (#21 at 3; #24 at 3) (emphasis in the original). Now, Plaintiff failed to appear for his deposition, leading Defendants to file the instant Motion for Sanctions (#27). Defendants ask the Court dismiss the case or prohibit Plaintiff from testifying in support of his claims.

Defense counsel coordinated with Plaintiff to sit for his deposition on September 12, 2023. Defense counsel called Plaintiff on August 31 and September 11, leaving

1

voicemails reminding Plaintiff about the date, time, and address for the deposition. The morning of the deposition, Plaintiff called from a blocked phone number, and without providing a reason, stated he would not be attending the deposition.

Defense counsel phoned Plaintiff later that morning on September 12 at the usual phone number and left a voicemail stating that Defense counsel would be forced to file a motion to compel and may seek additional relief, including sanctions or dismissal, if Plaintiff did not call back by noon on September 12 to provide a reason for the late cancellation. Defense counsel phoned Plaintiff and left voicemails again on September 13, September 14, and September 18 requesting Plaintiff call to discuss the cancellation. Hearing nothing from Plaintiff after a week, Defendants filed the instant Motion for Sanctions.

Three days after the deadline to respond to Defendants' Motion for Sanctions, Plaintiff filed a Memorandum in response (#29). In the Memorandum, Plaintiff stated that "[t]he reason why I didn't make it to the [deposition] as per the last one was [because] I was arrested and in jail over driving without a license." (#29 at 2). In addition, Plaintiff stated, "I would have been there but the meeting was on enemy grounds and they would of arrested me [sic] $5,000 bail." (#29 at 3). Further, Plaintiff stated, "I also failed to make the meeting we had over the phone because I was in custody for the bogus driving and resisting charges." (#29 at 4). Plaintiff requested that the deposition and discovery deadline be extended by three months. Plaintiff also offered to provide "proof of attack," which the Court interpreted to mean proof of Plaintiff's incarceration.

Following Plaintiff's Memorandum, the Court entered a Text Order directing Plaintiff to submit proof of such incarceration for review by October 25. (Text Order, October 11, 2023). Plaintiff did not respond to the Court's Text Order. On October 27, Defendants filed their Supplment (#30) to attempt to clarify some of the statements contained within Plaintiff's Memorandum. Over two months later, Plaintiff filed a Response (#31) on January 10, 2024.

In their Supplement, Defendants note that based on a search of publicly-available online dockets for Plaintiff's ongoing criminal cases in the Fifth Judicial Circuit, Coles

County, Illinois, it appears Plaintiff was likely stating he failed to appear for the deposition because the state courts had issued an arrest warrant. Specifically, on August 23, 2023, it appears Plaintiff failed to appear to his hearing, and the state court issued a warrant. Further, based on a search of publicly-available jail records through the Coles County Sheriff's Office, Defendants note that Plaintiff has not been detained at his local jail since July 23, 2023.

In Plaintiff's most recent Response (#31), the only relevant argument Plaintiff makes is that he "request[s] the [court] allow more time to prepare and maybe reschedule a meeting so that the plaintiff can be caught back up on what the court wants."

Pursuant to Rule 37(d), the Court may order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Under Rule 37(d), the types of sanctions available when a party fails to appear for his own deposition include those listed within Rule 37(b)(2)(A). Fed. R. Civ. P. 37(d)(3). Under Rule 37(b)(2)(A), the Court "may issue further just orders" that include the following sanctions for a party's failure to appear:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Defendants made multiple good faith attempts to obtain discovery before seeking court action with their first Motion to Compel. Plaintiff subsequently provided untimely and inadequate responses, resulting in Defendants' second Motion to Compel. The Court noted that "because Plaintiff is appearing pro se, and because Plaintiff appears to be trying to comply with the Rules, the Court finds that these circumstances would make an award of expenses unjust." (#24 at 3). However, the Court warned Plaintiff that "these cirucmstantes will not be accepted as an excuse for any future failures to comply with discovery requests or respond to motions." *Id.*

The Court has given Plaintiff the benefit of the doubt several times and repeatedly warned Plaintiff that failing to comply with discovery rules and Court orders may lead to sanctions, up to and including dismissal. (*See* #21, 24). Still, Plaintiff continued to ignore his discovery obligations. Plaintiff's presumed fear of being arrested under a valid state court warrant does not constitute good cause to refuse appearing for a discovery deposition in an unrelated civil suit. As the Court has previously noted, although Plaintiff is appearing without counsel, and the Court grants wide latitude to pro se litigants, this does not excuse failing to comply with the Rules.

Accordingly, the Court recommends Defendants' Motion for Sanctions (#27) and Motion to Supplement (#30) be granted and this case be dismissed in whole. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 29th day of January, 2024.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE
DISTRICT JUDGE
