UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BILLY WERSHILA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 22-CV-2094 |
| ) | |
| TRAVIS EASTON and SCOTT ) | |
| ROBINSON, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendants, Travis Easton and Scott Robinson, filed a Motion for Sanctions (#27) on September 28, 2023. Therein, Defendants request that the court dismiss Plaintiff's Complaint (#1) with prejudice as a sanction for Plaintiff's myriad discovery violations, including failure to appear for his deposition, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v).

In a Response (#29) filed on October 5, 2023, Plaintiff indicated that he did not appear at his deposition because he had been arrested and was in custody on the day the deposition was scheduled to commence. Magistrate Judge Long entered an Order on October 11, 2023, directing Plaintiff to provide evidence of his incarceration on the date in question.

On October 27, 2023, Plaintiff having presented no such evidence, Defendants filed a Supplement to the Prior Motion for Sanctions (#30). Defendants indicated therein that, through their own research into the matter, it appeared Plaintiff had failed to appear for the deposition not because he was in custody, but because there was a warrant out for his arrest. "Obviously," Defendants asserted, "plaintiff's fear of being arrested under a valid state court warrant does not constitute good cause to refuse to appear for a discovery deposition in an unrelated civil suit."

On January 10, 2024, Plaintiff filed a document styled "Response to: (incarceration of Plaintiff)" (#31). That filing was not responsive to Judge Long's prior Order, and did not address Plaintiff's whereabouts at the time of his scheduled deposition or his other discovery failures.

On January 29, 2024, Judge Long entered a Report and Recommendation (#32). Citing previous warnings to Plaintiff that further failures to comply with discovery violations would result in sanctions up to and including dismissal, Judge Long recommended that Defendants' Motion for Sanctions (#27) and Supplement to the Prior Motion for Sanctions (#30) be granted, and the matter be dismissed. The parties were instructed to file any objections to the Report and Recommendation within 14 days after being served with a copy of the report. They were also informed that a failure to object would constitute a waiver of objections on appeal. See *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

The time to object to Judge Long's Report and Recommendation has passed, and neither party filed an objection with this court. Therefore, following this court's de novo review of the Report and Recommendation and the reasons for it, this court agrees with and accepts Judge Long's Report and Recommendation (#32). This court agrees that this case should be dismissed with prejudice for Plaintiff's failure to comply with his discovery obligations. See *Newson v. Oakton Cmty. Coll.*, 2023 WL 355190, at *2 (7th Cir. Jan. 23, 2023) (affirming dismissal with prejudice pursuant to Rule 37(b)).

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#32) is accepted by this court.

(2) Defendants' Motion for Sanctions (#27) and Supplement to the Prior Motion for Sanctions (#30) are GRANTED, and Plaintiff's claims are dismissed with prejudice.

(3) This matter is terminated.

ENTERED this  23rd  day of  February , 2024.

                         s/Colin Stirling Bruce
                         COLIN S. BRUCE
                         U.S. DISTRICT JUDGE